OPINION OF THE COURT
Stephen A. Ferradino, J.
The plaintiffs are owners of real property located at 17 Gilbert Street in Johnstown, New York. In August of 1994, defendant Empire Security Systems (Empire) offered to sell the plaintiffs a security system for their home. According to the plaintiffs, they were only told by an agent of Empire that the cost would be $4,744, with no payment within 90 days of purchase. In fact, the purported purchase was to be financed by defendant Associates Financial Services Company, Inc. (Associates) with immediate payments. Prior to the August 1994 transaction, Associates and Empire entered into an agreement whereby Associates agreed to purchase the payment obligations of some of Empire’s customers. Associates provided Empire with forms to be filled out by the customers, and in the plaintiffs’ case, with the aid of Associates’ agent. According to the defendant Associates, the documents provided by it were (1) a retail installment contract, (2) a loan application and (3) a Fair Credit Reporting Act notice. Following completion of the forms, Empire’s agent returned the forms to Associates for a credit check, and approval of the loan. Following approval of the loans, Empire assigned the loans to Associates in exchange for immediate payment from Associates. Associates had an additional interest in Empire’s customers in that its agents approached them to obtain other financing, such as an equity loan. In the case of the plaintiffs, the normal procedure broke down. It appears uncontested that an agent of Empire forged the plaintiffs’ signatures on the forms. Additionally, according to the plaintiffs, the system did not work. The plaintiffs’ obligation became in arrears. Ultimately, Empire agreed to remove the system, and did so. Empire repaid Associates the amount it received on the assignment. This action followed.
The original complaint in this action alleged that both defendants, with malicious intent, committed forgery (cause of action number one), violated the disclosure requirements and rescission requirements of 15 USC § 1631 et seg. (Federal Truth in Lending Act), and article 10 of the New York Personal Prop *696 erty Law (cause of action number two), that defendant Associates, allegedly a debt collector, violated provisions of title 15, and that the party responsible for the forgery violated section 349 of the General Business Law. Following further discovery, which revealed that Associates was not responsible for the forgery, the plaintiffs have moved to amend the complaint. The motion seeks to remove Associates from the allegations found in the first and fourth causes of action. Additional amendments generally concern allegations of damages. The motion to amend is granted in its entirety.
Associates has now moved for summary judgment dismissing the complaint against it. The plaintiffs have cross-moved for an order granting them partial summary judgment against Empire and Associates on the second cause of action. There has been no opposition by Empire, and, therefore, partial summary judgment is granted as to it.
It is the sine qua non of any right to recovery by the plaintiffs under the second cause of action that a valid financing contract exists. A valid contract is a jurisdictional requirement of the Truth in Lending Act (Fairley v Turan-Foley Imports, 65 F3d 475). Article 10 of the State’s Personal Property Law deals generally with a valid, enforceable agreement, and the consumers’ remedies for the unlawful conduct of lenders. The plaintiffs have alleged, and proven, the existence of a forgery. No valid financing contract existed which would trigger the applicable laws. The plaintiffs cannot rely upon the protection of the forgery to negate any liability under the security agreement, and yet seek the remedies afforded by statutes which assume the existence of a contract.
Addressing a claimed violation of the Federal Fair Debt Collection Practices Act (15 USC § 1692a [6], as added by Pub L 95-109; 15 USC § 1692i [b], as added by Pub L 95-109), an assignee is, by definition, not a debt collector within the meaning of the Act. (Wadlington v Credit Acceptance Corp., 76 F3d 103.) Accordingly, Associates as assignee bears no liability under the Act.
Accordingly, Associates’ motion for summary judgment is granted. The plaintiffs’ motion for partial summary judgment against Associates is, perforce, denied.